IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT U. MILTON,

        Plaintiff,

    v.

EVERHOME MORTGAGE
COMPANY, as servicer for
EverBank,

        Defendant.

CIVIL ACTION FILE NO.

1:11-CV-2340-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

On August 18, 2011, the court ordered Plaintiff Robert U. Milton to show cause in writing, within twenty-one days of entry of the order, why the complaint in this action should not be dismissed pursuant to Local Rule 41.3(A)(2) for failure to comply with a lawful order of the court. [Doc. 5]. The docket reflects that Plaintiff has not responded to the court's show cause order, and the order has been submitted to the undersigned.

## I.    Facts and Procedural History

The complaint in this action concerns a foreclosure action by EverHome Mortgage Company. Plaintiff Milton alleges, *inter alia*, that Defendant failed to loan "constitutional dollars" and "is believed to have used a common practice which was

used by the Goldsmiths who keep the coins on deposit in their warehouse, thus creating money out of thin air" in violation of the Constitution. [Doc. 1-1 at 3, ¶¶ 7, 9].

On July 20, 2011, the court granted Plaintiff Milton *in forma pauperis* status and ordered Plaintiff to complete the required service forms and return them to the Clerk of Court within twenty days. [Doc. 2]. In a Notice to Pro Se Plaintiffs which was also mailed to Plaintiff on July 20, 2011, the same date that the Clerk of Court mailed the service forms to Plaintiff, the court forewarned Plaintiff:

> Among other requirements under the rules, Plaintiff is responsible for service of Summons and Complaint upon each Defendant. In that regard, when the court granted Plaintiff's request to proceed *in forma pauperis*, the court directed Plaintiff to complete the USM 285 form, summons, and the initial disclosures form which the Clerk of Court would send to him, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of that Order. [Doc. 2]. Plaintiff was warned that failure to comply in a timely manner could result in the dismissal of this civil action. [Id.].

[Doc. 3].

The docket reflects that Plaintiff did not return the forms to the Clerk as ordered, despite the court's warning that it could result in a recommendation of dismissal. And, on August 18, 2011, the court ordered Plaintiff Milton to show cause why the complaint should not be dismissed for failure to comply with a lawful order of the

2

court pursuant to L.R. 41.3A(2), N.D. Ga.  As reflected by the docket, Plaintiff Milton has not responded to the show cause order.

## II.    Discussion

The court's local rules provide, "The court may, with or without notice to the parties, dismiss a civil case . . . if . . . (2) A plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case. . . ."  L.R. 41.3A(2), N.D. Ga. The court's August 18, 2011, show cause order [Doc. 5] gave Plaintiff Milton a three week opportunity to show the court why this action should not be dismissed for failure to comply with the court's order to return the required forms to the Clerk of Court so that the complaint can be served.  Plaintiff Milton has not complied with the order to return the service forms and has failed to respond to the court's show cause order. Dismissal of the action is, therefore, appropriate pursuant to L.R. 41.3(A)(2), N.D. Ga.

## III.    Conclusion

Based on the above reasons and authority, the court **RECOMMENDS** that the *pro se* complaint in this action be **DISMISSED without prejudice** pursuant to 41.3(A)(2).[1]

---

[1]Local Rule 41.3(B), N.D. Ga., provides in pertinent part, that:  "In accordance with Fed. R. Civ. P. 41(b), a dismissal . . . operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal."

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED**, this 15th day of September, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

4